WRIGHT, J.
to the jury. There is no dispute with the counsel, but the proof establishes the fact of the speaking by the defendant of the plaintiff words which imputed to her want of chastity, as charged in the declaration, and the only question for you is the 126] ^amount of damages the plaintiff shall recover. It is no justification to the slanderer that another told him what he spoke, unless at the time of speaking he gave his author; and in such case, if the defendant would avail himself of that defence, he must plead it specially. There is no such plea in this ease. If you are satisfied, however, that it was currently reported in the'neighborhood of the plaintiff’s residence, that she was with child, founded upon her sickness, and the appearance of her form; and that the defendant, in speaking of it, only alluded to the report as such, or as expressing regret; those circumstances will go far to negative the presumption of malice, and to reduce the damages. But if, on the other hand, the prevalence of the report was only seized up>on by the defendant as the occasion for gratifying his malignant puiqpose against the plaintiff, it will aggravate the damages. You should scan the testimony with that view. The threats of punishment in the *127 penitentiary, &c., are relied upon as showing the defendant actuated by malice, not by mere idle curiosity or concern for the morals of society; you should consider it. .
The reliance by the defendant’s counsel, upon the vulgar habits and general reputation of their client, cannot avail him. It would burlesque judicial proceedings to establish the proposition, that a man, by commencing a vulgar, slandering habit of talking of his neighbors, and continuing in it until he becomes notorious, and until he has established a general reputation for such talk, should thereby acquire a legal right to slander others, and be exempt from liability for his slander. We think the case is one, either for compensatory or examplary damages.
Verdict for the plaintiff $250, and judgment.